# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1259V
**Filed: October 29, 2018**
UNPUBLISHED

|  |  |
|---|---|
| MICHAEL O'CONNOR,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Jason Barton Eshelman*, Eshelman Legal Group, Cuyahoga Falls, OH, for petitioner.
*Ann Donohue Martin*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On September 15, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that that he suffered left shoulder injuries due to an influenza vaccination received on September 17, 2015. Petition at 1. On July 30, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 33.

On September 21, 2018, petitioner filed a motion for attorneys' fees and costs. ECF No. 38. Petitioner requests attorneys' fees in the amount of $13,735.00 and

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' costs in the amount of $695.34.  ECF No. 38-1 at 7.   In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  ECF No. 38-2 at 1.  Thus, the total amount requested is $14,430.34.

On October 5, 2018, respondent filed a response to petitioner's motion.  ECF No. 39.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request, and finds it necessary to reduce the award to reflect rate reductions for petitioner's counsel's hourly rate, administrative time, duplicative billing, block billing and vague entries.

**I. Legal Standard**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive,

2

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley,* 461 U.S. at 434.

### II. Attorney Fees

#### A. Billing Rates

Petitioner requests compensation for attorney Jason Eshelman and his paralegal at the hourly rate of $300 and $125, respectively. ECF No. 38-1 at 7. Mr. Eshelman affirms that he has been licensed to practice law in the state of Ohio since 2005 and has continuously worked since. The undersigned finds these rates appropriate based on Attorneys' Hourly Rate Fee Schedule[3] and awards them in full.

#### B. Non-Compensable Time

Mr. Eshelman billed over 2 hours of time researching aspects of the Vaccine Program and SIRVA research. "[I]t is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).

Examples of these entries include:

July 13, 2017 (1.0 hrs) "Research SIRVA Federal claims"
July 14, 2017 (0.5 hrs) "Copied down notes regarding SIRVA cases"
July 14, 2017 (1.0 hrs) "Research procedure for SIRVA cases"

ECF No 38-1 at 3.[4]

#### C. Administrative Time

It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl.Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the

---

[3] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules for 2015-2016 and 2017 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914. The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules. *See also McCulloch v. Sec'y Health & Human Servs.*, 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] These entries are merely examples and are not exhaustive.

3

attorneys' fees rates"); *Mostovoy v. Sec'y of Health & Human Servs.*, 2016 WL 720969, *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). Over 4 hours was billed on tasks considered administrative including, receiving documents, mailing and faxing correspondence, receiving documents, reviewing and organizing the client file.

Examples of entries considered administrative are:

December 23, 2015 (0.1 hrs) "mailed questionnaire to client for completion"
September 14, 2015 (3.5 hrs) "Paralegal uploading all documents into Adobe Acrobat. Uploaded exhibits, numbering them and making them readable through Adobe"
September 15, 2017 (0.1 hrs) "Received timestamped copy of petitioner from court"
October 24, 2017 (0.1 hrs) "Ran civil docket report. No entries since filing."
December 27, 2017 (0.1 hrs) "Copied docket information into case"

ECF No. 38-1 at 1, 3-5.

The undersigned also finds the paralegal billed 2 hours to learn the computer program "Adobe Acrobat DC". *Id.* at 4. This task would be considered administrative in nature and not reimbursable.

### C. Vague Entries

An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell,* 18 Cl.Ct. 751 at 760; *Rodriguez*, 2009 WL 2568468. Petitioners bear the burden of documenting the fees and costs claimed. *Id.* at *8. Multiple line entries are vague, such that it is unclear what were tasks performed. The undersigned has previously decreased an award of attorneys' fees for vagueness. *Mostovoy*, 2016 WL 720969; *Barry v. Sec'y of Health and Human Servs.*, 12-39V, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reduced a fee award by 10 percent due to vague billing entries).

Examples of these entries include:

November 1, 2017 (0.10 hrs) "Email received from US Court of Federal Claims"
December 20, 2017 (0.10 hrs) "Email to Attorney for Respondent"
June 11, 2018 (0.10 hrs) "Email with Attorney Ann Martin"

ECF No. 38-1 at 3-5.

Due to the vagueness of the entries, it appears that tasks may be duplicated throughout the invoices. For instance, there are three emails dated September 11,

2017, all for 0.1 hours and listed as "Adjuster negotiations via email". *Id.* at 4.  As there is no information as to what was corresponded in these emails it is unclear to the undersigned if there were actually three emails of if this was a duplicate entry.  Another example of this is on October 24, 2017 there are three entries for this date, all for 0.1 hours and listed as "Email to Jay All at US Court of Federal Claims." *Id.* at 5.  It is unclear to the undersigned if these are multiple emails or duplicative entries.

For the reasons stated above the undersigned finds it reasonable to reduce the overall request for attorney's fees by 10 percent. **This results in a reduction in the amount of $1,373.50**.

### III. Attorney Costs

Petitioner requests compensation for attorney costs in the amount of $695.34. These costs include medical records, filing fees, and postal charges. The undersigned finds the overall request for attorney costs reasonable and awards the request in full.

### IV. Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $13,056.84[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Jason Barton Eshelman.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.